UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO D. PRINCE-HARDIN,<br><br>  Plaintiff,<br><br>  v.<br><br>VALENZUELA, et al.,<br><br>  Defendants. | Case No. 25-cv-01065-TLT<br><br>**ORDER OF SERVICE** |

Plaintiff, a pretrial detainee at the Martinez Detention Facility (MDF) in Contra Costa County proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the complaint is ordered served on defendants Valenzuela and Shiells. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

## DISCUSSION

### 1.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

1   which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include
2   detailed factual allegations in a complaint, the complaint must do more than recite elements of a
3   cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
4   raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
5   U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
6   plausible on its face." *Id.* at 570. The Supreme Court explained this standard: "[w]hile legal
7   conclusions can provide the framework of a complaint, they must be supported by factual
8   allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
9   veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
10  *v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Legal Claims

Plaintiff names as defendants Deputy Valenzuela and Sergeant Shiells at West County Detention Facility, as well as West County and MDF. Plaintiff alleges as follows:

On November 25, 2022, plaintiff was jumped at West County and hit with a cane in his mouth by another detainee while others kicked him. He screamed for help but no deputy came to help. He lost a tooth and was taken to the medical facility. He did not feel safe after that and locked himself in his cell and hit the emergency button. In March of 2023 he was raped by his roommate at MDF, and the deputies just walked by after it was over. He told one deputy he wanted to kill himself. His attacker told the deputy not to call mental health. The deputy did not want to help him. His attacker said he would have him killed if he said anything. Plaintiff reported the rape a few months later to mental health staff at MDF. Plaintiff has submitted numerous grievances seeking mental health support. Sergeant Shiells said they would forward his grievance to the jail's PREA compliance manager but plaintiff has not gotten any help and the jail has swept his situation under a rug. His attacker is a worker at Unit D where he is still housed.

2

On January 6, 2025, Valenzuela forced plaintiff face first in a cell wall and conducted a leg sweep take down and put his knee on plaintiff's back while he screamed for him to stop. His shoulder was out of socket and he was sent to Kaiser hospital. Plaintiff has grieved this incident and the facility does not seem to care.

### 3. Analysis

Liberally construed, plaintiff has stated a cognizable claim against Shiells for deliberate indifference to his safety, in violation of the Fourteenth Amendment, for failing to respond to his rape allegations. Deliberate indifference to a pretrial detainee's health or safety needs violates the Fourteenth Amendment's Due Process Clause. *See, e.g., Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the pretrial detention context, a plaintiff need only show that the jail official was objectively deliberately indifference and need not prove subjective deliberate indifference. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).

Liberally construed, plaintiff has also stated a cognizable claim against Valenzuela for excessive use of force in violation of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable.").

Plaintiff's claims against the jail facilities are dismissed because the jails are not "persons" within the meaning of section 1983 and are not appropriate defendants. The term "persons" within the statute means state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and local governmental entities such as counties. Plaintiff may later amend his complaint to identify any specific jail staff who failed to protect him or failed to provide him adequate medical or mental health care. Plaintiff may attempt to state a claim against Contra Costa County for failure to protect or for inadequate care, but in order for the county to be liable, plaintiff must allege that a county policy, custom, or practice exists that caused

the constitutional violations.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff has stated a cognizable deliberate indifference claim against Shiells.

2. Plaintiff has stated a cognizable excessive force claim against Valenzuela.

3. Defendants West County Detention Facility and Martinez Detention Facility are dismissed.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this Order to defendants Shiells and Valenzuela at West County Detention Center and shall mail a courtesy copy to Contra Costa County Counsel.

5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve and file an answer before 60 days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due 60 days from the date on which the request for waiver was sent or 20 days from the date the waiver form is filed, whichever is later.

6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. If the defendant intends to file a motion for summary judgment or other

4

dispositive motion, they must do so no later than 60 days from the date the answer is due. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendant may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than 28 days after the date on which defendant's motion is filed.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that—in the rare event that defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above; in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.     Defendant shall file a reply brief no later than 14 days after the date plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendant to depose plaintiff and any other necessary incarcerated witnesses.

8. All communications by plaintiff with the Court must be served on defendant or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

11. The Clerk shall include a copy of the court's complaint form with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: July 25, 2025

                                                        TRINA L. THOMPSON
                                                        United States District Judge